## Adessa Estate

*Eugene F. Hickey II,* for petitioner.
*Charles H. Welles IV,* for respondent.

WALSH, *P.J.,* May 16, 1994—Before the court is a request for an adjudication of the validity or invalidity of the trust agreements and will of the late Ann M. Adessa. We have independently reviewed the record and key documents relative to this controversy, and although we have uncovered no bright line authority which addresses the particular issue present here, the court is of the opinion that the trust agreements and will are no longer valid under the laws of this Commonwealth.

Counsel agreed and stipulated that in lieu of the offering of live testimony at a full hearing, they would submit the following facts for our consideration.

"On March 31, 1994, Kimberly Boose filed a petition for declaratory judgment and rule to show cause why a trust agreement and last will and testament of Ann M. Adessa shall not be declared invalid. Kimberly Boose is the sole heir of the decedent, Ann M. Adessa, and she resides at 795 Matthew Avenue, Scranton, Pennsylvania 18510. On or about October 9, 1985, the decedent, Ann M. Adessa, executed a trust agreement placing approximately $150,000 in trust and naming the Northeastern Bank of Pennsylvania, now PNC Bank, as trustee.

"The trust agreement provided in article VII that the decedent, Ann M. Adessa, had the right, at any time, by a writing or writings signed by her and delivered to the trustee, to revoke, alter, or amend the trust in whole or in part. In addition, this article further provided that when the trust was revoked in its entirety, revocation took effect upon delivery of the required writing to the trustee.

"Simultaneous with executing the trust, the decedent, Ann M. Adessa, also executed a pour-over will on October 9, 1985.

"The will of October 9, 1985 was a pour-over will and provided that all of the rest, residue and remainder of the decedent's estate which was not included in the trust was to be poured into the trust for distribution under the terms of the trust.

"On December 20, 1987, the decedent executed an amendment to the October 9, 1985 trust agreement.

"On August 15, 1988, the decedent, Ann M. Adessa, forwarded correspondence to a Mr. Cox at PNC Bank advising him that she was closing her trust fund account.

This correspondence further provided that she was requesting that all of the funds in the trust account, no. 20-0646-4, shall be paid to her on or before the close of business on August 19, 1986.

"On or about June 16, 1993, Ann M. Adessa passed away.

"On or about December 8, 1993, Kimberly Boose filed a petition for the grant of letters of administration pendente lite, which were granted."

The sole issue before us is whether Ms. Adessa's liquidation of the trust account served to revoke the trust agreement and its amendments, if any, and if such revocation did occur, was that likewise a revocation of the decedent's last will and testament, which was a pour-over will, thereby resulting in an intestate succession. Petitioner Boose is of the opinion that as of August 15, 1988, the trust account of Ann M. Adessa was closed, and the closing effectively revoked and invalidated the trust agreements and will.

PNC Bank has represented to the court its uncertainty as to the ramifications of Ms. Adessa's closing of her trust account, since this action was unaccompanied by an affirmative act to revoke her will, nor did Ms. Adessa ever independently move to purposely invalidate that will or ever inform PNC Bank that she intended to do so. What PNC Bank perceives as the indefiniteness of the situation has caused it to question the actuality of the revocation.

Title 20, of Pa.C.S. §2515, addresses the concept of a devise or bequest made by way of a trust, and it states:

"A devise or bequest in a will may be made to the trustee of a trust, including any unfunded trust, established in writing by the testator or any other person before, concurrently with or after the execution of the will. Such devise or bequest shall not be invalid because the trust is amendable or revocable, or both, or because the trust was amended after execution of the will. Unless the will provides otherwise, the property so devised or bequeathed shall not be deemed held under a testamentary trust of the testator but shall become and be a part of the principal of the trust to which it is given, to be administered and disposed of in accordance with the provisions of the instrument establishing that trust and any amendment thereof. An entire revocation of the trust prior to the testator's death shall invalidate the devise or bequest unless the will directs otherwise."

According to Pennsylvania law, Ms. Adessa's closing of her trust account, if that action is found to be a revocation of the trust agreements, also revoked and invalidated her pour-over will. We believe that is exactly the situation presented here, as Ms. Adessa appears to have manifested her intention to do so in a rather obvious manner. On August 15, 1988, she sent correspondence to Northeastern Bank informing them that she was closing her trust account, and the decedent further advised the bank that she wanted her funds in the full amount by the end of the August 19, 1988 business day. Since that time, up to and including the date of Ms. Adessa's death, she had no assets in trust with PNC. Simply put, her emptying of the account left the trust completely worthless, and a valueless trust that was never replenished during Ms. Adessa's lifetime

evidences her decision to revoke and invalidate the trust agreements. The court is satisfied that Ms. Adessa intended to terminate the trust agreements and carried out her intentions completely. Therefore, we find that those documents as well as the decedent's pour-over will are invalid.